UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CRIMINAL CASE NO. 12-14-DLB-CJS-3
CIVIL ACTION NO. 16-11-DLB-CJS

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                       **REPORT AND RECOMMENDATION**

**CLARA S. RODRIGUEZ-IZNAGA**                                                        DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Clara S. Rodriguez-Iznaga's Motion for Rule 60(b) Relief. (R. 226). Rodriguez-Iznaga moves for permission to file late objections to the undersigned's Report and Recommendation (R. 210) to deny her Motion to Vacate Under 28 U.S.C. § 2255 (R. 172), stating she never received a copy of the Report and Recommendation.

In 2012, a jury convicted Rodriguez-Iznaga of one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and one count of committing money laundering, in violation of 18 U.S.C. § 1956(h). (R. 84; R. 139). The presiding District Judge initially sentenced her to a total term of 240 months in prison (R. 139), but later reduced her sentence to 235 months (R. 184). On direct appeal, the Sixth Circuit Court of Appeals affirmed her sentence. *United States v. Rodriguez-Iznaga*, 575 F. App'x 583, 583 (6th Cir. 2014), and the U.S. Supreme Court denied her petition for a writ of certiorari (R. 163).[1]

In 2016, Rodriguez-Iznaga filed her § 2255 Motion (R. 172), which she later supported with a Memorandum (R. 180). After briefing was completed, the undersigned issued a Report and

---

[1] This Sixth Circuit's opinion addressed Rodriguez-Iznaga's sentence before the reduction.

Recommendation, recommending the denial of the § 2255 Motion and a certificate of appealability. (R. 210). The Report and Recommendation warned that failure to file objections within fourteen days after being served a copy could, and normally would, result in waiver of further review by the presiding District Judge or the Sixth Circuit. (*Id.* at Page ID 2788-89). The docket reflects that the clerk mailed a copy of the Report and Recommendation to Rodriguez-Iznaga on November 26, 2018. (*Id.*, docket notation, "Deft via USMail"). On December 18, 2018, the presiding District Judge adopted the Report and Recommendation, noting that Rodriguez-Iznaga had failed to file objections and the time to do so had expired. (R. 211).

Rodriguez-Iznaga appealed. (R. 215). She applied for a certificate of appealability in the Sixth Circuit. (*Rodriguez-Iznaga v. United States*, No. 19-5053 (6th Cir. May 28, 2019) (R. 11)). The Government responded that Rodriguez-Iznaga had waived her appellate rights by failing to object to the Report and Recommendation. (*Rodriguez-Iznaga v. United States*, No. 19-5053 (6th Cir. May 28, 2019) (R. 14, Page 4-5)). Rodriguez-Iznaga replied:

> Petitioner admits that she did not respond to the Report & Recommendation of the Magistrate Judge; while Petitioner did not receive that report, it was her responsibility to be alert to the fact that it would be coming and take steps to contact the Clerk of Court to determine the status of the Report.

(*Rodriguez-Iznaga v. United States*, No. 19-5053 (6th Cir. May 28, 2019) (R. 15, Page 4)). On May 28, 2019, the Sixth Circuit issued an order declining to address the merits of Rodriguez-Iznaga's application, concluding that she "waived appellate review of her claims" because she failed to "object to the magistrate judge's report and recommendation." (R. 223, Page ID 2861). Rodriguez-Iznaga petitioned for rehearing en banc, attaching an affidavit in which she asserted that she never received the Report and Recommendation. (*Rodriguez-Iznaga*, No. 19-5053 (R. 19, Page 12)). The Sixth Circuit denied her petition on August 21, 2019. (*Id.* (R. 20, 21)).

On December 2, 2019, Rodriguez-Iznaga filed the pending Motion for Rule 60(b) Relief. (R. 226). She asserts that she never received a copy of the Report and Recommendation and details her efforts to investigate the cause. Attached to her motion is a copy of a complaint form she submitted to prison officials at FCI Coleman Medium, in which she wrote:

> The Eastern District of Kentucky Federal District Court refers on the docket that the Magistrate's report and recommendations of my 2255 was sent to 'Defendant via USPS' on November 26, 2018. . . . Does yo[u]r record show that it was received by this institution? I have written e-mail to Ms. Soto in the Mail House and she said there was none.

(R. 226-5, Page ID 2884). Under "Correction Counselor's Comments," the handwritten response states, "Spoke with Ms. Soto and confirmed that they did not receive[] this mail." (*Id.*). An illegible name is signed under "Correctional Counselor" next to a date of "10/21/19." (*Id.*). Her Rule 60(b) Motion asks the Court to resend the Report and Recommendation and allow her to file her objections. (*Id.* at 2878).

As a threshold matter, "when faced with what purports to be a Rule 60(b) motion or a motion to amend, federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson,* 813 F.3d 315, 322 (6th Cir. 2016). A Rule 60(b) motion is a second or successive § 2255 motion if it presents a claim, i.e., a basis for relief from a court's judgment of conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). A Rule 60(b) motion also presents a claim "if it attacks the federal [habeas] court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. But a Rule 60(b) motion does not bring a claim when it "attacks, not the substance of the federal

3

court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*

Rodriguez-Iznaga's Rule 60(b) Motion falls in the latter category—her assertion that her failure to receive the Report and Recommendation denied her the opportunity to file objections alleges a defect in the integrity of the federal habeas proceedings and does not raise an old or new claim. *See Green v. Sec'y for Dep't of Corr.*, 188 F. App'x 887, 888 (11th Cir. 2006) (concluding that petitioner's claim in his Rule 60(b) motion that he "did not receive a copy of the R & R . . . did not raise or reiterate any substantive claims in his Rule 60(b) motion, and he simply asked the district court for the opportunity to address the R & R"); *Burks v. Howes*, No. 06-CV-15419DT, 2009 WL 2476499, at *2 (E.D. Mich. Aug. 11, 2009) (reaching same conclusion).

Having concluded that Rodriguez-Iznaga's Rule 60(b) Motion is properly brought, it must be determined which specific subsection of Rule 60(b) she relies upon.  She does not specify in her Rule 60(b) Motion, but the Court will operate under the assumption that she intends to rely upon Rule 60(b)(1) because the principal case that she cites in support, *Brumley v. Wingard*, 269 F.3d 629 (6th Cir. 2001), discusses that subsection.  (R. 226, Page ID 225).  It is her burden to show entitlement to relief under this subsection. *Price v. Milmar Food Grp.*, LLC, No. 17-CV-13011, 2019 WL 1147086, at *1 (E.D. Mich. Mar. 13, 2019) ("Moreover, the moving party has the burden to show that at least one of the six subsections [of Rule 60(b)] are satisfied.").

The Court first considers whether Rodriguez-Iznaga's Rule 60(b)(1) Motion was "made within a reasonable time," which can be "no more than a year after the entry of the judgment" for her Rule 60(b)(1) Motion.  *See* Rule 60(c)(1).  She filed her motion approximately two weeks shy of one year of the Presiding District Judge's entry of judgment denying her § 2255 Motion.  (*See* R. 212; 226).  But just because she filed her motion within a year does not render it "within a

4

reasonable time." *See In re Swing*, 171 B.R. 813, 815 (Bankr. S.D. Ohio 1994) ("Thus a party is not given an absolute year in which to make his motion for relief. Instead, a year is given as the maximum time beyond which no proceeding under clause (1) can be taken.") (quoting 7 James W. Moore et al., *Moore's Federal Practice* ¶ 60.22[4] (2d ed. 1993)). The Court "evaluate[s] reasonableness by considering a petitioner's diligence in seeking relief," which is a "fact-specific determination." *Miller v. Mays*, 879 F.3d 691, 699 (6th Cir.), *cert. denied*, 139 S. Ct. 567 (2018). The record here reveals that Rodriguez-Iznaga was not diligent.

As Rodriguez-Iznaga recognized before the Sixth Circuit, it was ultimately her responsibility to keep track of the filings in her case; she thus had an affirmative duty to monitor the docket for a ruling on her § 2255 motion and to file objections in the time provided. *See Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370 (6th Cir. 2007) (observing that parties have an affirmative duty to monitor the docket to keep apprised of orders they might wish to appeal); (*see also Rodriguez-Iznaga v. United States*, No. 19-5053 (6th Cir. May 28, 2019) (R. 15, Page 4)). Assuming, arguendo, that she was diligent in learning that she had failed to receive the Report and Recommendation, she was not diligent in pursuing relief.

It is noteworthy that the Sixth Circuit concluded that Rodriguez-Iznaga waived appellate review of her claims even though she asserted before that Court that she never received the Report and Recommendation. A Rule 60(b) motion is not a second chance to relitigate an argument that failed to win on appeal. *See Dowell-El v. Howes*, No. 2:08-CV-11723, 2010 WL 5100807, at *1 (E.D. Mich. Dec. 9, 2010) ("A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. . . . A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint.") (citation omitted).

5

The only new information that Rodriguez-Iznaga offers in her Rule 60(b)(1) motion—prison correspondence about whether the prison received the Report and Recommendation—could have been obtained earlier through the exercise of diligence.

Notably, Rodriguez-Iznaga waited until after the conclusion of her proceedings before the Sixth Circuit before filing a prison grievance in October 2019 about the alleged non-receipt of her Report and Recommendation. (*See* R. 226-5, Page ID 2884). She provides no explanation, and none is apparent, for why she could not have sought such information before had she acted diligently. *See Miller*, 879 F.3d at 700 (concluding that petitioner failed to demonstrate diligence for Rule 60(b) motion where he did not raise issue before the Supreme Court in his *certiorari* petition). To the extent that Rodriguez-Iznaga would object on the basis that appellate deadlines would not have allowed her to seek such information in a timely manner, "nothing in the plain language of Rule 60 required [her] to delay filing [her] Rule 60(b) Motion in this Court until [she] was denied a certificate of appealability or until the time [she] did actually file it after [her] appellate proceedings concluded." *Kuehne v. United States*, No. 3:03CR063-1, 2014 WL 5323369, at *2 (S.D. Ohio Oct. 17, 2014), *report and recommendation adopted*, No. 3:03CR063-1, 2014 WL 7338767 (S.D. Ohio Dec. 22, 2014) (noting procedure for filing Rule 60(b) motion while appeal is pending). Put simply, she was not diligent.

Lastly, the Court notes that Rodriguez-Iznaga also cites case law discussing Rule 60(b)(6). (R. 226, Page ID 2873). To the extent that she intends to argue that she has presented an "other reason that justifies relief" under Rule 60(b)(6), she is mistaken. "Because the subsections of Rule 60(b) are 'mutually exclusive,' a plaintiff seeking relief under Rule 60(b)(6) must offer reasons independent of the other subsections." *Smiley v. Haynes*, No. 2:15-CV-02658-SHM, 2017 WL 3841926, at *3 (W.D. Tenn. Sept. 1, 2017) (citation omitted). She has failed to allege separate

6

reasons for justifying Rule 60(b)(6) relief than her reasons for Rule 60(b)(1) relief. *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 366 (6th Cir. 1990) ("In order to be entitled to the extraordinary and exceptional relief afforded under Rule 60(b)(6), the party seeking relief must show that it filed a motion for relief under that Rule, and not under some other section of Rule 60."). Moreover, even if she could rely on her same reasons for Rule 60(b)(6) and 60(b)(1) relief, Rule 60(b)(6) also requires the motion to be made "within a reasonable time," which, as discussed, she has failed to meet her burden of showing.

Accordingly, **IT IS RECOMMENDED** that Rodriguez-Iznaga's Motion for Rule 60(b) Relief (R. 226) **be denied.**

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 31st day of March, 2020.



Signed By:
<u>Candace J. Smith</u>
**United States Magistrate Judge**

J:\DATA\habeas petitions\general orders\12-14-DLB Iznaga R&R re #226 final.docx