**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CRIMINAL ACTION NO. 12-14-DLB-CJS-3**
**CIVIL ACTION NO. 16-11-DLB-CJS**

**UNITES STATES OF AMERICA**                                                **PLAINTIFF**


**v.**                    **ORDER ADOPTING REPORT AND RECOMMENDATION**


**CLARA RODRIGUEZ-IZNAGA**                                          **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This matter is before the Court upon the March 31, 2020 Report and Recommendation ("R&R") of Magistrate Judge Candace J. Smith (Doc. # 227), wherein she recommends that Defendant's *pro se* Motion for Relief from Judgment (Doc. # 226) be denied. Defendant has filed Objections (Doc. # 230), to which the United States has responded (Doc. # 234). Defendant has filed a Reply (Doc. # 238). Accordingly, the R&R is now ripe for the Court's review. For the reasons set forth below, Defendant's Objections are **overruled** and the R&R is **adopted** as the findings of fact and conclusions of law of the Court.

Rodriguez-Iznaga was convicted of drug trafficking and money laundering charges and sentenced to 240 months in prison.[1] (Doc. # 139). Defendant's conviction and sentence were affirmed on direct appeal. *See United States v. Rodriguez-Iznaga*, 575 F. App'x 583, 583 (6th Cir. 2014). On January 28, 2016, Defendant filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 172). In

---

[1]      Defendant's sentence was later reduced to 235 months in prison. (Doc. # 184).

1

a Report and Recommendation issued on November 26, 2018, the Magistrate Judge recommended denying Defendant's Motion to Vacate. (Doc. # 210). On December 18, 2018, this Court adopted the Magistrate Judge's Report and Recommendation and denied the Motion. (Doc. # 211). In doing so, the Court noted that Rodriguez-Iznaga had failed to file objections to the Report and Recommendation and that the 14-day period for doing so had expired. (*Id.*). Then, on January 9, 2019, Defendant appealed the denial of her Motion to Vacate. (Doc. # 215). In her brief to the Sixth Circuit supporting the issuance of a Certificate of Appealability (COA), Rodriguez-Iznaga asserted that she did not respond to the Report and Recommendation because she had never received it. *Rodriguez-Iznaga v. United States*, No. 19-5053, ECF No. 15 at 4. Rodriguez-Iznaga conceded, however, that "it was her responsibility to be alert to the fact that [the Report] would be coming and take steps to contact the Clerk of Court to determine the status of the Report." *Id.*

The Sixth Circuit declined to grant a COA, citing Defendant's failure to object to the Report and Recommendation. (Doc. # 223). In an opinion dated May 28, 2019, the court noted that "[a] party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives her right to appeal pursuant to the doctrine enunciated in *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)." (*Id.* at 3). In the court's view, Rodriguez-Iznaga had waived appellate review of her claims, "and there [were] no circumstances warranting an exception to the *Walters* rule in the interests of justice." (*Id.*). On July 5, 2019, Rodriguez-Iznaga petitioned the Sixth Circuit for rehearing and attached an affidavit stating that she had never received

the Magistrate Judge's Report and Recommendation.  *Rodriguez-Iznaga*, No. 19-5053,

ECF No. 19.  The petition was denied.  *Id.* at ECF Nos. # 20 and 21.

Unable to succeed at the court of appeals, Rodriguez-Iznaga came back to this

Court, filing a "Motion for Rule 60(b) Relief" on December 2, 2019.  (Doc. # 226).  In her

Motion, Defendant reasserts that she never received a copy of the Report and

Recommendation and details her attempts to investigate the cause.  (*Id.* at 6-10).

Attached to her Motion is a copy of a complaint form she submitted to prison officials at

FCI Coleman in October 2019, in which she asks whether there are records of the Report

and Recommendation ever arriving at the prison.  (Doc. # 226-5).  The form purportedly

shows a response from a prison official confirming that a copy of the Report and

Recommendation was never received.  (*Id.*).

The Magistrate Judge issued a second Report and Recommendation ("R&R"), in

which she recommended denying Defendant's Rule 60(b) Motion.  (Doc. # 227).  The

Magistrate Judge construed the Motion as one brought under Federal Rule of Civil

Procedure 60(b)(1), which provides relief from judgment for "mistake, inadvertence,

surprise, or excusable neglect."  (*Id.* at 4).  Such relief is not appropriate here, the

Magistrate Judge concluded, because the Motion was not brought "within a reasonable

time" as required under Rule 60(c)(1).  (*Id.*).  Rodriguez-Iznaga had waited over eleven

months after the denial of her § 2255 motion to file her Rule 60(b) Motion.  Moreover,

Defendant's Motion came over ten months after discovering that she had not received a

copy of the Report and Recommendation.  Therefore, according to the Magistrate Judge,

even assuming Rodriguez-Iznaga was diligent in learning that she had failed to receive a

copy of the Report and Recommendation, she was not diligent in pursuing relief.  (*Id.* at 5).

Defendant objected to the R&R (Doc. # 230), to which the Government responded (Doc. # 234).  Defendant filed a Reply (Doc. # 238).

In her Objections, Rodriguez-Iznaga resists the Magistrate Judge's conclusion that she was not diligent, explaining that she did not have access to her docket sheet until she received it from the district court on October 2, 2019.  (Doc. # 230 at 3-4).  However, it is not apparent why Defendant would have needed her docket sheet in order to file her Rule 60(b) Motion.  In fact, Defendant's brief to the Sixth Circuit filed on May 3, 2019—before she received her docket sheet—makes substantially the same arguments as her Rule 60(b) Motion filed seven months later on December 2, 2019.  *Rodriguez-Iznaga*, No. 19-5053, ECF No. 15.  Moreover, the record reflects that Rodriguez-Iznaga became aware that she had not received the Report and Recommendation as early as January 9, 2019, the date that she appealed the Court's Order adopting the Report and Recommendation. Accordingly, Defendant could have notified the Court at that time of the mistake and moved for relief under Rule 60(b).  Instead, she waited almost eleven months to do so.

The requirement that a Rule 60(b) motion be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), is a "fact-specific determination" involving an evaluation of the movant's "diligence in seeking relief."  *Miller v. Mays*, 879 F.3d 691, 699 (6th Cir. 2018). Under the facts of this case, the Magistrate Judge did not err in concluding that Rodriguez-Iznaga was not diligent by waiting almost eleven months to seek relief.  Delays of similar length have been found excessive for purposes of Rule 60(b).  *See Gonzalez v. Crosby*, 545 U.S. 524, 536-37 (2005) (eight months); *United States v. Mortg. Lenders Network*

*USA*, 234 F.3d 1270, 2000 WL 1529815, at *2 (6th Cir. 2000) (unpublished table decision) (eleven months).   The Magistrate Judge therefore correctly recommended that Defendant's Rule 60(b) Motion be denied.

Accordingly, **IT IS ORDERED** as follows:

(1)     The Report and Recommendation of the United States Magistrate Judge (Doc. # 227) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2)     Defendant Rodriguez-Iznaga's Objections (Doc. # 230) are **OVERRULED**;

(3)     Defendant's Motion for Rule 60(b) Relief (Doc. # 226) is **DENIED**.

This 14th day of January, 2021.

Signed By:

*David L. Bunning*

United States District Judge

J:\DATA\ORDERS\Ashland Criminal\2012\12-14-3 Order Adopting R&R (DE 227).docx